IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jesse Brown, derivatively on behalf of Nominal Defendant Chordiant Software, Inc., <br><br> Plaintiff, <br> v. <br><br> Stephen Kelly, et al., <br><br> Defendants <br> and, <br><br> Chordiant Software, Inc., <br><br> Nominal Defendant. | NO. C 06-04671 JW <br><br> **ORDER GRANTING MOTION TO CONSOLIDATE CASES AND APPOINT LEAD PLAINTIFFS, LEAD COUNSEL, AND LIAISON COUNSEL** |

### **I. INTRODUCTION**

There are currently two shareholders' derivative actions (the "Derivative Cases") on behalf of nominal defendant Chordiant Software, Inc. ("Chordiant") pending before the Court.[1] Presently before the Court is Plaintiffs Jesse Brown and Louis Suba's Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Lead Counsel, and Set Briefing Schedule. (hereafter "Motion," Docket Item No. 16.) The Court found the matter appropriate for submission on the papers. See Civ. L.R. 7-1(b). Based on the papers filed to date, the Court ORDERS (1) the Derivative Cases consolidated;

---

[1] The Derivative Cases are: Jesse Brown v. Stephen Kelly, et al., C 06-04671 (filed Aug. 1, 2006), and Louis Suba v. Stephen Kelly, et al., C 06-05603 (filed Sept. 13, 2006).

1 (2) Jesse Brown and Louis Suba appointed Lead Plaintiffs; (3) Schiffrin & Barroway LLP appointed
2 Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP appointed Liaison Counsel.

## II.  BACKGROUND

On August 1, 2006, Jesse Brown ("Brown") filed the first shareholders' derivative complaint on behalf of Chordiant alleging that certain of the company's officers and directors wrongfully diverted millions of dollars to themselves through a stock option backdating scheme. On September 13, 2006, Louis Suba ("Suba") also filed a derivative action on behalf of Chordiant alleging the same type of misconduct and harm. The Court declined to relate the Derivative Cases because both actions were already pending before the Court. (See Order Re: Administrative Motion to Consider Whether Cases Should Be Related, Docket Item No. 15.) On October 23, 2006, Brown and Suba filed a motion to consolidate the Related Derivative Actions and to appoint themselves as lead plaintiffs, Schiffrin & Barroway LLP ("Schiffrin") as lead counsel, and Bramson, Plutzik, Mahler & Birkhaeuser LLP ("Bramson") as liaison counsel. To date, the Court is unaware of any opposition to the Motion.

## III.  DISCUSSION

**A.     Consolidation of the Derivative Cases**

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

Having reviewed the Complaints filed in the Derivative Cases, the Court finds that the two cases involve virtually identical factual and legal issues. The core issue of both cases is whether executives at Chordiant breached their fiduciary duties when they backdated stock options that were granted to them between 2000 and 2002. Given these similarities and the lack of any apparent inconvenience, delay, or expense that would result from bringing the cases together, the Court finds that consolidation of the Derivative Cases is appropriate.

**B.     Appointment of Lead Plaintiffs**

According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association."  Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment.  See Horn v. Raines, 227 F.R.D. 1, 3 (D. D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

The Complaints filed in the Derivative Cases allege that all relevant times Brown and Suba were shareholders of Chordiant.  These Brown and Suba have also retained competent and experienced counsel and do not appear to be subject to any unique defenses.  The Court does not find any reason not to establish the proposed leadership structure.  Accordingly, appointment of Brown and Suba as Lead Plaintiffs is appropriate.

**C.     Appointment of Lead Counsel and Liaison Counsel**

Brown and Suba have agreed that Schiffrin should be appointed as lead counsel and that Bramson should be appointed as liaison counsel.  Given these firms' experience with similar shareholder actions, the Court finds it appropriate to appoint Schiffrin as Lead Counsel and Bramson as Liaison Counsel.

**IV.  CONCLUSION**

The Court ORDERS (1) the Derivative Cases consolidated; (2) Jesse Brown and Louis Suba appointed Lead Plaintiffs; (3) Schiffrin & Barroway LLP appointed Lead Counsel; and (4) Bramson, Plutzik, Mahler & Birkhaeuser LLP appointed Liaison Counsel.

1  The Clerk shall consolidate these actions such that the earlier filed action, C 06-04671 JW, is
2 the lead case. All future filings shall be filed in C 06-04671 JW and bear the caption: "In Re
3 Chordiant Derivative Litigation."

4  A hearing on Defendants' anticipated motion to dismiss is set for **May 7, 2007 at 9:00 a.m.**
5 If Defendants do not file a motion to dismiss, the Court will conduct a further case management
6 conference on this date at the 10 a.m. calendar.

7  Pursuant to the Private Securities Litigation Reform Act of 1995, the Court ORDERS all
8 discovery STAYED pending Defendants' anticipated motion to dismiss. See In re Altera Corp.
9 Derivative Litigation, 06-03447 JW, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006).

Dated:  November 27, 2006

_____
JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan R. Plutzik aplutzik@bramsonplutzik.com
Christopher J. Sundermeier Sundermeierc@Cooley.com
Eric L. Zagar ezagar@sbclasslaw.com
Kathryn A. Schofield kschofield@bramsonplutzik.com
L. Timothy Fisher ltfisher@bramsonplutzik.com
Laura R. Smith smithlr@cooley.com

**Dated:  November 27, 2006**                    **Richard W. Wieking, Clerk**

                                                 **By:   /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California