SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
Alan R. Plutzik (Bar No. 077785)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

SCHIFFRIN BARROWAY TOPAZ
& KESSLER, LLP
Lee D. Rudy
Michael C. Wagner
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Lead Counsel for Lead Plaintiffs
JESSE BROWN and LOUIS SUBA



**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE CHORDIANT DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | CASE NO. C 06-04671 JW<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT** |

WHEREAS, Lead Plaintiffs Jesse Brown and Louis Suba (collectively, "Lead Plaintiffs") on behalf of themselves and the shareholders of Chordiant Software, Inc. ("Chordiant" or the "Company"), Nominal Defendant Chordiant, Stephen Kelly, David R. Springett, Cary G. Morgan, Steve G. Vogel, Samuel T. Spadafora, Donald J. Morrison, Allen Swann, Jeremy Coote, Kathryn C. Gould, William Raduchel, Steven R. Springsteel, Charles E. Hoffman, Richard G. Stevens, David A. Weymouth, and George Reyes (collectively "Individual Defendants" and, together with Chordiant, the "Defendants" and, together with Lead Plaintiffs, the "Parties"), and nominal defendant Chordiant entered into a Stipulation of Compromise and Settlement dated as

[PROPOSED] ORDER AND FINAL JUDGMENT                                                                                                     - 1 -
Case No. C-06-04671-JW
774823 v1/PA

of June 30, 2008 (the "Stipulation");

WHEREAS, on July 2, 2008, Lead Plaintiffs to the above-captioned action (the "Action"), as joined by Defendants, filed a Motion for Preliminary Approval of Proposed Settlement (the "Motion") seeking Final Approval of the Stipulation and the Settlement contained therein entered into by the Parties on June 30, 2008 and incorporated herein by reference;

WHEREAS, on July 7, 2008, this Court entered the Preliminary Order preliminarily approving the Settlement, requiring Notice and Summary Notice be disseminated to Current Chordiant Stockholders as provided for in the Stipulation;

WHEREAS, the Preliminary Order set a Settlement Hearing for October 20, 2008, to determine whether:

    a. to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and Current Chordiant Stockholders;

    b. consider an Order and Final Judgment dismissing the Action with prejudice, with each party to bear its, his or her own costs, and release and enjoin prosecution of any and all claims to be released pursuant to the Stipulation;

    c. determine whether to approve attorneys' fees and expenses, to be funded by Chordiant or its insurers; and

    d. hear other such matters as the Court may deem necessary and appropriate.

WHEREAS, Notice has been provided to stockholders of Chordiant in compliance with the Preliminary Order;

WHEREAS, terms not defined herein shall have the meanings ascribed to them in the Stipulation, attached as Exhibit 1 to the Motion.

WHEREAS, this matter has come before the Court for final approval of the proposed settlement of the Action; and

WHEREAS, the Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement.

NOW, THEREFORE, the Court being fully advised of the premises and good cause

appearing therefor, it is ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the subject matter of the Action, over all parties to the Action and over those persons and entities, if any, that objected to the Settlement.

2. Unless otherwise stated herein, all capitalized terms contained in this Order shall have the same meaning and effect as stated in the Stipulation.

3. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and the Parties are hereby directed to perform the terms of said Settlement.

4. The Notice and Summary Notice were disseminated in accordance with the Preliminary Order, and such Notice and Summary Notice and the dissemination thereof meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. This Court hereby dismisses the Action against the Defendants with prejudice and without costs to Defendants, except as otherwise provided in paragraph 8 below.

6. Upon the Effective Date, Lead Plaintiffs (on their own behalf and derivatively on behalf of Chordiant), Chordiant, and the Current Chordiant Stockholders (in their capacity as stockholders only) shall fully, finally, and forever release, relinquish, and discharge the Individual Defendants and their Related Persons from any and all Released Claims that any of them has against the Individual Defendants and their Related Persons.  Upon the Effective Date, Lead Plaintiffs, on their own behalf, shall fully, finally, and forever release, relinquish, and discharge Chordiant and its Related Persons from any and all Released Claims which any of them has against Chordiant and its Related Persons.

7. Upon the Effective Date, each of the Individual Defendants shall fully, finally, and forever release, relinquish, and discharge the Lead Plaintiffs and their Related Persons, Lead Plaintiffs' Counsel and its Related Persons, and Chordiant and its Related Persons from any and all claims, liabilities, obligations, causes of action, expenses, damages, losses, or any other matters,

whether known or unknown, foreseen or unforeseeable, certain or contingent, which any of them has or may come to have against the Lead Plaintiffs and their Related Persons, Lead Plaintiffs' Counsel and its Related Persons, and Chordiant and its Related Persons that arise out of, arise in connection with, or relate to the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

8. Upon the Effective Date, Nominal Defendant Chordiant shall fully, finally, and forever release, relinquish, and discharge the Lead Plaintiffs and their Related Persons and Lead Plaintiffs' Counsel and its Related Persons, from any and all claims, liabilities, obligations, causes of action, expenses, damages, losses, or any other matters, whether known or unknown, foreseen or unforeseeable, certain or contingent, which Chordiant has against the Lead Plaintiffs and their Related Persons, Lead Plaintiffs' Counsel and its Related Persons that arise out of, arise in connection with, or relate to the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

9. The Court hereby approves the Fee Payment to Plaintiffs' Counsel in the amount of $850,000. The Fee Payment, together with interest accrued thereon, shall be released from the Escrow to Plaintiffs' Counsel in accordance with the terms of the Stipulation and Escrow Agreement within ten days of the date hereof.  The Individual Defendants shall not be liable for any part of the Fee Payment, or any other payment in connection with this Settlement.

10. This Order and Final Judgment, the Stipulation, all exhibits thereto, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as (a) an admission, or evidence of, the validity of any of the Released Claims or of any wrongdoing or liability of the Individual Defendants; or (b) an admission of, or evidence of, any fault or omission of any of the Individual Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or this Order and Final Judgment, except that the Defendants may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, including effectuating the release of claims in related proceedings, and all parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement embodied in the Stipulation.

12. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation, the MOU, and Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

13. During the course of the litigation of the Action, all Parties and their counsel acted in good faith, and complied with Rule 11 of the Federal Rules of Civil Procedure and comparable state law and rules of professional responsibility.

14. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The Clerk shall close this case and all other member cases.

DATED: ___October 22, 2008        _____
                                  THE HONORABLE JAMES WARE
                                  UNITED STATES DISTRICT COURT JUDGE
                                  NORTHERN DISTRICT OF CALIFORNIA